ATTORNEY FOR APPELLANT
Lorinda Meier Youngcourt
Huron, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

_____

No. 15S01-0611-CR-468

MICHAEL GREEN,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

_____

Appeal from the Dearborn Superior Court, No. 15D01-0208-FA-004
The Honorable G. Michael Witte, Judge

_____

On Petition To Transfer from the Indiana Court of Appeals, No. 15A01-0508-CR-373

_____

**November 15, 2006**

**Shepard, Chief Justice.**

Trial courts sometimes receive a plea of guilty or a finding of guilt on multiple counts, one of which represents a lesser-included offense of some other count. Where the court merges the lesser-included offense without imposing judgment, there is no need to remand on appeal to "vacate."

Michael Green pled guilty to four counts – attempted robbery, conspiracy to commit robbery, burglary, and conspiracy to commit burglary – for his role in the August 5, 2002, burglary and attack of Mr. and Mrs. Pohlgeers. At the sentencing hearing, the judge declared that the attempted robbery and conspiracy to commit robbery counts "merge[d] . . . so that only one sentence can be imposed between the two counts." (Tr. at 166.) On appeal, the Court of Appeals declared this merger inadequate and ordered the trial court to "vacate the robbery conspiracy conviction." Green v. State, 850 N.E.2d 977, 980 n.5 (Ind. Ct. App. 2006). We grant transfer to correct this appellate mistake.

To be sure, a defendant's constitutional rights are violated when a court enters judgment twice for the same offense, but not when a defendant is simply found guilty of a particular count. See, e.g., Carter v. State, 750 N.E.2d 778, 780 (Ind. 2001) ("It is highly ordinary that a jury . . . may hear evidence about multiple counts during a single trial and determine guilt on each of them. These findings of guilt do not mean that a defendant has faced multiple sentences or multiple judgments of conviction."); Kennedy v. State, 674 N.E.2d 966, 967 (Ind. 1996) ("For purposes of double jeopardy, this court has long held that a trial court may not convict and sentence a defendant for both murder and felony murder where only one murder occurs.").

On the other hand, a merged offense for which a defendant is found guilty, but on which there is neither a judgment nor a sentence, is "unproblematic" as far as double jeopardy is concerned. Carter, 750 N.E.2d at 781. See also Laux v. State, 821 N.E.2d 816, 820 (Ind. 2005). In Laux, we disapproved those cases which "indicate[] that vacating a jury verdict is the appropriate remedy rather than merger and entering a judgment of conviction only on the merged count." Id. at 820 n.4. In the present case, the Court of Appeals relied on Kochersperger v. State, 725 N.E.2d 918 (Ind. Ct. App. 2000), and Jones v. State, 807 N.E.2d 58 (Ind. Ct. App. 2004), transfer denied. On the point at issue here, these opinions likewise are disapproved.

In this instance, the record does not actually indicate a formal judgment of conviction for any of the offenses. The judge's statement at sentencing, the Abstract of Judgment, and the Order on Plea or Finding of Guilt and Sentence all demonstrate that the conspiracy to commit robbery charge was merged, rather than reduced to judgment, and that Green was never

sentenced for that count. (Tr. at 164-68; Appellant's App. at 428, 432.) Thus, "[t]here is no particular reason to order a trial court to vacate" a guilty plea "where the trial court entered a judgment" on only the attempted robbery. Carter, 750 N.E.2d at 781. We thus vacate the Court of Appeals' order remanding this matter to the trial court.

The Court of Appeals appropriately disposed of the remainder of the issues, and we summarily affirm their disposition. Ind. Appellate Rule 58(A). The trial court is affirmed.

**Dickson, Sullivan, Boehm, and Rucker, JJ., concur.**