**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Aug 28 2013, 5:52 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KIMBERLY A. JACKSON**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| ANTHONY OWENS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1301-CR-50 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kurt M. Eisgruber, Judge
Cause No. 49G01-1109-FC-69390

**August 28, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Anthony Owens (Owens), appeals his conviction for two Counts of alteration of a vehicle identification number, Class C felonies, Ind. Code § 9-18-8-12.

We affirm in part, reverse in part, and remand with instructions.

## ISSUES

Owens raises two issues on appeal, which we restate as the following:

(1) Whether the State established beyond a reasonable doubt that Owens committed alteration of a vehicle identification number; and

(2) Whether the trial court improperly merged Owens' convictions.

## FACTS AND PROCEDURAL HISTORY

On September 28, 2011, Owens and Darrell Jackson (Jackson) drove to the Pul A Part salvage yard in Indianapolis, Indiana to obtain a wiring harness. Owens carried a bag of tools and wore a neon green safety vest. David Byrd (Byrd) was at the salvage yard at the same time and observed Owens smashing a car window with a hammer while Jackson stood near him. Byrd informed the yard manager, Scott Summers (Summers), that he believed someone was attempting to steal vehicle identification plates (VIN Plates). Summers called the police and Officer Greg Milburn of the Indianapolis Metropolitan Police Department (Officer Milburn) arrived at the yard shortly thereafter.

2

Officer Milburn confronted Owens and Jackson at the yard office as they were purchasing a wire harness. Officer Milburn requested their identification. Jackson became nervous and Officer Milburn asked him whether he had any weapons. Jackson responded that he did not but Officer Milburn removed two knives from one of Jackson's pants pockets after patting him down. The pat-down also revealed what seemed like two razor blades in the other pants pocket, which Jackson denied knowing what they were. Officer Milburn removed two damaged VIN Plates. Summers and Officer Milburn then toured the yard and located two automobiles, a 1994 Oldsmobile 98 and a 1990 Oldsmobile 88 Royale, with their VIN Plates removed. Owens and Jackson were arrested thereafter.

On September 30, 2011, the State filed an Information charging Owens with Count I, alteration of a vehicle identification number, a Class C felony, Ind. Code § 9-18-8-12; Count II, possession of an unattached VIN Plate, a Class D felony, I.C. § 9-18-8-15; Count III, theft, a Class D felony, I.C. § 35-43-4-2; Count IV, alteration of a vehicle identification number, a Class C felony, I.C. § 9-18-8-12; Count V, possession of an unattached VIN Plate, a Class D felony, I.C. § 9-18-8-15; and Count VI, theft, a Class D felony, I.C. § 35-43-4-2.

On December 12, 2012, a bench trial was held. Jackson, who had pled guilty earlier pursuant to a plea agreement, testified against Owens. The trial court found Owens guilty on all Counts. On December 21, 2012, the trial court held a sentencing hearing. Because it used the same evidence to prove Counts I-III and the same evidence

to prove Counts IV-VI, the State asserted that Owens' convictions on Counts II and III should merge into Count I and that Counts V and VI should merge into Count III. The trial court agreed, stating, "it clearly is all the same evidence." (Transcript p. 147). Owens' counsel agreed and the trial court merged the convictions accordingly. The trial court sentenced Owens to six years incarceration and four years suspended each on Counts I and III, with the sentences to run concurrently.

Owens now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

I. *Sufficiency*

Owens argues that the State failed to present sufficient evidence beyond a reasonable doubt to sustain his convictions. In reviewing sufficiency of the evidence claims, we will not reweigh the evidence or assess the credibility of the witnesses. *Altes v. State*, 822 N.E.2d 1116, 1121 (Ind. Ct. App. 2005), *trans. denied*. We will consider only the evidence most favorable to the judgment, together with all reasonable and logical inferences to be drawn therefrom. *Id*. The conviction will be affirmed if there is substantial evidence of probative value to support the conviction of the trier-of-fact. *Id*.

To convict Owens of alteration of a vehicle information number as a Class C felony, the State was required to prove that he damaged, removed, covered, or altered a vehicle identification number. *See* I.C. § 9-18-8-12 (West St. Ann. 2011);[1] *Bond v. State*, 925 N.E.2d 773, 781 (Ind. Ct. App. 2010), *trans. denied*. Here the charging Information

---

[1] Indiana Code Section 9-18-8-12 has since been repealed. *See* P.L. 262-2013, Sec. 70, effective July 1, 2013.

4

alleged that Owens, by removing the VIN Plates from the Oldsmobile automobiles, "did knowingly remove or alter an original or special identification number which appeared on a motor vehicle." (Appellant's App. pp. 30-31).

Based on Jackson's inconsistent trial testimony and the fact that Jackson was discovered with the VIN Plates, Owens now argues that the State did not produce sufficient evidence to prove beyond a reasonable doubt that he, rather than Jackson, committed the offenses. He also asserts that Jackson's testimony cannot be believed because of his plea agreement, which required him to testify against Owens. Finally, Owens argues that Byrd's testimony cannot be believed because of his bias against Owens.

The evidence most favorable to the judgment reveals that Owens traveled with Jackson to the salvage yard. Owens carried a bag of tools. Jackson testified that he "was standin [sic] there looking" while Owens removed one VIN Plate after opening the car door to remove it from the inside. (Tr. p. 64). Jackson saw Owens remove the VIN Plate by prying it from the car with a screwdriver and a hammer. For the second VIN Plate, Jackson testified that he thought Owens "broke some windshield to get it" and removed it in a fashion similar to the other Oldsmobile. (Tr. p. 66). Byrd observed Owens striking the windshield of a car with a hammer and reported the incident to Summers. Owens gave the VIN Plates to Jackson and "asked [him] to carry 'em [sic] out." (Tr. p. 67). Jackson carried the VIN Plates in his pocket and the men went to pay for the wire harness. Officer Milburn patted-down Jackson and found two VIN Plates, which were

5

damaged at the rivet plates. Summers and Officer Milburn went out into the yard and found the vehicles from which the VIN Plates had been removed. In view of the foregoing, Owens argument on appeal is a request to reweigh the evidence and determine witness credibility, which we will not do. *See Altes*, 822 N.E.2d at 1121. In sum, we conclude that there is sufficient evidence to sustain Owens' convictions for altering a vehicle identification number.

## II. *Merger*

Owens also argues that the trial court erroneously merged his convictions for alteration of a vehicle identification number without vacating his convictions for possession of unattached VIN Plates and theft. Pointing to the chronological case summary (CCS), which states that he was convicted on all Counts, Owens asks this court to vacate his convictions for possession of unattached VIN Plates and theft, alleging a double jeopardy violation. The State argues that remand is not required because the abstract of judgment and the trial court's oral sentencing statement reflect that Owens was convicted only for alteration of a vehicle identification number.

A defendant's constitutional rights are violated when a court enters judgment twice for the same offense, "but not when a defendant is simply found guilty of a particular count." *Green v. State*, 856 N.E.2d 703, 704 (Ind. 2006). Following a bench trial, Owens was found guilty on six Counts: alteration of a vehicle identification number, Counts I and IV; possession of unattached VIN Plates, Counts II and V; and theft, Counts III and IV. At the sentencing hearing, the State argued that Counts I

6

through III "required the same evidence" and Counts IV through VI "required the same evidence." (Tr. p. 147). The trial court agreed and merged the offenses accordingly. The abstract of judgment and the trial court's oral sentencing statement reflect that Owens was convicted and sentenced only for alteration of a vehicle identification number. However, the CCS states that "Judgment of conviction entered on count(s) 1, 2, 3, 4, 5, 6" but also that "[Counts] 2 & 3 merge with [Count] 1 [and] Counts 5 & 6 […] merge with Count 4." (Appellant's App. p. 21).

The State acknowledges that a discrepancy in the record exists but characterizes it as clerical error in the CCS. It asserts that remand, if necessary, should only be required to show that no judgment of conviction was entered on Counts II, III, V, and VI. We conclude that under these circumstances, there is no need to order the trial court to vacate its findings on Owens' guilt. Instead, we reverse and remand with instructions to the trial court to amend the CCS to reflect that no judgment of conviction was entered on Counts II, III, V, and VI. *See Green*, 856 N.E.2d at 704.

## CONCLUSION

Based on the foregoing, we conclude that the State presented sufficient evidence beyond a reasonable doubt to sustain Owens's conviction for alteration of a vehicle identification number. However, we find that the CCS contains a clerical error by stating that Owens was convicted for Counts II and V, possession of unattached VIN Plates, and Counts III and VI, theft. We therefore reverse and remand to the trial court with

7

instructions to amend the CCS to reflect that no judgment of conviction was entered on Counts II, III, V, and VI.

Affirmed in part, reversed in part, and remanded with instructions.

KIRSCH, J. and C. J. ROBB concur