**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 15 2014, 6:20 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KRISTIN A. MULHOLLAND**
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DARNELL M. RIAS, SR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A05-1312-CR-630 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Diane Ross Boswell, Judge
Cause No. 45G03-1301-FD-6

**August 15, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

**STATEMENT OF THE CASE**

Darnell Rias, Sr. appeals his convictions for two counts of failure to register as a sex or violent offender, as a Class D felony, following a jury trial. Rias presents a single dispositive issue for our review, namely, whether his convictions violate the prohibition against double jeopardy.

We affirm in part, reverse in part, and remand with instructions.

**FACTS AND PROCEDURAL HISTORY**

On January 9, 2013, the State charged Rias with two counts of failure to register as a sex or violent offender, as a Class D felony. In particular, in Count I, the State charged Rias under Indiana Code Section 11-8-8-17(a)(1), which requires a sex or violent offender to "register as required" by law; and in Count II, the State charged Rias under Indiana Code Section 11-8-8-17(a)(4), which requires a sex or violent offender to "register in person as required" by law. (Emphasis added). A jury found him guilty as charged. The trial court issued an order "enter[ing] judgment for the crimes in Count I: Failure to Register as a Sex or Violent Offender, [as] a Class D Felony and in Count II: Failure to Register as a Sex or Violent Offender, [as] a Class D Felony." Appellant's App. at 81. The trial court then sentenced Rias on Count I, but "merged" Count II with Count I. Id. This appeal ensued.

**DISCUSSION AND DECISION**

The trial court acknowledged, and the State does not dispute, that Count I and Count II are the "same crime" for double jeopardy purposes. Tr. at 107. Thus, Rias contends that the trial court's entry of judgment of conviction on both counts violates the

2

prohibition against double jeopardy. The State responds that "the trial court's merger of Count II into Count I had the effect of vacating the conviction for Count II." Appellee's Br. at 5. But our review of the record shows that, before the trial court merged the convictions for sentencing, the court entered judgment on both counts.[1]

In Green v. State, 856 N.E.2d 703, 704 (Ind. 2006), our supreme court addressed the issue of merger as follows:

> To be sure, a defendant's constitutional rights are violated when a court enters judgment twice for the same offense, but not when a defendant is simply found guilty of a particular count.
>
> On the other hand, a merged offense for which a defendant is found guilty, but on which there is neither a judgment nor a sentence, is "unproblematic" as far as double jeopardy is concerned. In Laux[ v. State, 821 N.E.2d 816, 820 n.4 (Ind. 2005)], we disapproved those cases which "indicate[ ] that vacating a jury verdict is the appropriate remedy rather than merger and entering a judgment of conviction only on the merged count."
>
> In this instance, the record does not actually indicate a formal judgment of conviction for any of the offenses. The judge's statement at sentencing, the Abstract of Judgment, and the Order on Plea or Finding of Guilt and Sentence all demonstrate that the conspiracy to commit robbery charge was merged, rather than reduced to judgment, and that Green was never sentenced for that count. Thus, "[t]here is no particular reason to order a trial court to vacate" a guilty plea "where the trial court entered a judgment" on only the attempted robbery.

(Citations omitted).

This case is distinguishable from Green. Here, during a sidebar conference near the conclusion of trial, the trial court acknowledged that Rias could not be convicted of

---

[1] The abstract of judgment shows Rias' conviction and sentence for Count I, but no conviction or sentence for Count II. But the abstract of judgment is merely a form issued by the Department of Correction and completed by trial judges for the convenience of the Department. Robinson v. State, 805 N.E.2d 783, 792 (Ind. 2004). Here, the trial court's judgment, dated December 12, 2013, clearly states that the court "entered judgment" on both guilty verdicts. Appellant's App. at 81.

both counts of failure to register as a sex or violent offender because they were the same crime. But the jury found Rias guilty on both counts, and the trial court "enter[ed] judgment for the crimes" in both counts. Appellant's App. at 81. The trial court's subsequent merger of the counts at sentencing was insufficient to cure the double jeopardy violation. Thus, we remand to the trial court with instructions to vacate Rias' conviction for failure to register as a sex or violent offender, as a Class D felony, as charged in Count II.[2] Rias does not challenge his conviction or sentence for failure to register as a sex or violent offender, as a Class D felony, as charged in Count I.

Affirmed in part, reversed in part, and remanded with instructions.

BAILEY, J., and PYLE, J., concur.

---

[2] Because we vacate Rias' conviction on Count II, we need not address his contention that the State presented insufficient evidence to support that conviction.