**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 03 2014, 9:14 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK K. PHILLIPS**
Boonville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

JARED W. BAEHL,                              )
                                             )
    Appellant-Defendant,                 )
                                             )
      vs.                             )     No.  87A01-1311-CR-515
                                             )
STATE OF INDIANA,                            )
                                             )
    Appellee-Plaintiff.                  )

APPEAL FROM THE WARRICK SUPERIOR COURT
The Honorable Robert R. Aylsworth, Judge
Cause No. 87D02-1210-FD-390

**September 3, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Jared W. Baehl ("Baehl") appeals his conviction for Operating a Vehicle While Intoxicated,[1] challenging the sufficiency of the evidence and the admission of certain evidence at his jury trial. We remand for clarification of the judgment from which Baehl appeals.

**Facts and Procedural History**

On September 27, 2012, Sergeant Matt Tevault of the Chandler Police Department ("Sergeant Tevault") initiated a traffic stop of a black truck driven by Baehl. His two small children were passengers in the truck.

Sergeant Tevault detected an odor of alcohol and requested that Baehl exit the truck and perform a series of field sobriety tests. Based upon Baehl's performance of those tests, Sergeant Tevault transported Baehl to jail. There, Baehl was administered a Breathalyzer; his blood alcohol concentration registered as .09.

The State charged Baehl with Operating a Vehicle While Intoxicated, as a Class D felony, Operating a Vehicle While Intoxicated, as a Class A misdemeanor, and Operating a Vehicle with an Alcohol Concentration of .08.

A jury found Baehl guilty as charged.[2] On November 22, 2013, Baehl was sentenced to one year of imprisonment, with two days credit for time served and the balance suspended to probation. This appeal ensued.

---

[1] Ind. Code §§ 9-30-5-2, 9-30-5-3.

[2] Although no verdict forms appear in the Appendix, the verdict forms were read in open court.

**Discussion and Decision**

The State alleged that Baehl violated Indiana Code section 9-30-5-2, providing:

    (a) Except as provided in subsection (b), a person who operates a vehicle while intoxicated commits a Class C misdemeanor.

    (b) An offense described in subsection (a) is a Class A misdemeanor if the person operates a vehicle in a manner that endangers a person.

The State further alleged that the offense was elevated to a Class D felony,[3] pursuant to Indiana Code Section 9-30-5-3(a)(2)(C), because Baehl, a person over the age of twenty-one, committed the alleged offense while at least one passenger in the vehicle was less than eighteen years of age.

Baehl challenges the sufficiency of the evidence to support his conviction, which he apparently believes to be a Class A misdemeanor. The State claims that Baehl was convicted of a Class D felony and that the State presented sufficient evidence to support that conviction. The record is conflicting.

On November 5, 2013, when the jury returned its guilty verdicts, the trial court stated:

Show the Court will enter judgment on verdict on Count I, guilty of Operating a Vehicle While Intoxicated Endangering a Person With a Passenger Less Than 18 Years of Age. The Court will also enter the verdict on Count III, Operating a Vehicle With an ACE of .08% or More. The Court will not enter a judgment on Count II, guilty of Operating a Vehicle While Intoxicated Endangering a Person. It, in fact, is a lesser-included offense of the offense in Count I, so the Court will not enter a judgment of conviction on the verdict regarding Count II and will show the judgment on Count I and Count III only, as Count II is a lesser-included offense on Count I and of which Mr. Baehl has been found guilty by the verdict returned by the jury.

---

[3] For offenses committed on or after July 1, 2014, the crime is classified as a Level 6 felony.

3

(Tr. 138.) An order of November 8, 2013 reflected the entry of judgment on Counts I and III, and set the sentencing hearing for November 22, 2013.

The Appellant's Brief contains a copy of an "Order Entry for 11/22/2013" stating that judgment was entered on Count I as a misdemeanor. Appellant's Brief at 14-15. A copy of this order is not included within the Appendix.

However, the Chronological Case Summary in the Appendix contains an entry for November 22, 2013, providing in pertinent part:

> Court gives the parties an opportunity to address the court prior to sentencing. Court, being duly advised, enters judgment of conviction on Count I, operating a vehicle while intoxicated endangering a person with a passenger less than 18 years of age, as a Class A misdemeanant, and not as a Class D felon. Court confirms Count II is a lesser included offense of Count I. Court enters judgment of conviction on Count III, operating a vehicle with an ACE of .08 or more, as a Class C misdemeanor. Court orders Count III merged into Count I and sentences defendant on Count I to one year at the Indiana Dept. of Correction.

(App. 6.) Our review of the sufficiency of the evidence and the trial court's evidentiary rulings is impeded by the lack of clarity as to the offense of which Baehl was convicted. Accordingly, we remand for clarification.[4]

Remanded.

NAJAM, J., and PYLE, J., concur.

---

[4] We also instruct the trial court, on remand, to vacate the conviction for Count III. A trial court's act of merging, without also vacating the conviction, is not sufficient to cure a double jeopardy violation. Green v. State, 856 N.E.2d 703, 704 (Ind. 2006).