## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jun 30 2015, 8:02 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Barbara J. Simmons
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tierra Greene,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 30, 2015<br><br>Court of Appeals Cause No.<br>49A05-1411-CR-542<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable Amy Jones, Judge;<br>The Honorable David M. Hooper,<br>Magistrate<br><br>Cause No. 49G08-1406-CM-32640 |

**Najam, Judge.**

# Statement of the Case

Tierra Green appeals her conviction for operating a vehicle while intoxicated, as a Class A misdemeanor, following a bench trial. Greene raises two issues for our review:

1. Whether the State presented sufficient evidence to support her conviction.

2. Whether the trial court violated her double jeopardy rights when it merged a lesser-included offense with the Class A misdemeanor.

We affirm.

# Facts and Procedural History

At approximately 10:45 p.m. on June 21, 2014, Indianapolis Metropolitan Police Department ("IMPD") Officer Brad Alford, while patrolling in the 6100 block of Keystone Avenue near Glendale Mall, observed a red vehicle driven by Greene traveling southbound without headlights on. While that vehicle was stopped at a stoplight, Officer Alford flashed his lights at Greene, shone his spotlight at her, and, through his loud speaker, told her to turn the headlights on. Despite Officer Alford's attempts to get Greene's attention, she proceeded through the stoplight when the light changed.[1]

---

[1] In her brief, Green erroneously asserts that she did not proceed through the stoplight. Appellant's Br. at 8. *But see* Tr. at 8.

[4]     Accordingly, Officer Alford initiated a traffic stop. Upon hearing the reason for the stop, Greene informed Officer Alford that she was driving a rental car, and that she had had "trouble with the headlights" working. Tr. at 17. Officer Alford observed that Greene had red, watery eyes; slurred speech; and the smell of alcohol on her breath. Officer Alford had Greene exit the vehicle and performed a field sobriety test, which Greene failed. Officer Alford then called for assistance from another IMPD Officer, Daniel Shragal, who arrived about ten minutes later. Officer Shragal also observed Greene's signs of intoxication, and Greene failed a field sobriety test that he administered. Officer Shragal then transported Greene to a chemical testing location, at which her blood alcohol content was measured at 0.100.

[5]     The next day, the State charged Greene with two counts of operating a vehicle while intoxicated, one as a Class A misdemeanor and one as a Class C misdemeanor. At her ensuing bench trial, Greene asserted that she had "always [driven] cars with automatic lights" and so she "assumed that they would already be on" in the rental car. Id. at 73. She also asserted that she was driving in a "well-lit area." Id. at 74. The court found Greene guilty on both counts.[2] The court then "[m]erged" the Class C misdemeanor offense with the

---

[2] The State's charging information plainly alleged a Class C misdemeanor as the second offense. Appellant's App. at 12. And the trial court's sentencing order and the CCS both refer to the second offense as a Class C misdemeanor. Id. at 7, 9. Yet, both Greene and the State, in their appellate briefs, erroneously refer to the second offense as a Class B misdemeanor. Appellant's Br. at 2, 5-6, 9; Appellee's Br. at 1, 4.

Class A misdemeanor offense and sentenced Greene to one year, all of which it suspended. Appellant's App. at 9. This appeal ensued.

## Discussion and Decision

### Issue One: Sufficiency of the Evidence

[6] Greene first asserts that the State failed to present sufficient evidence to support her conviction for operating a vehicle while intoxicated, as a Class A misdemeanor. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the witnesses. *Jones v. State*, 783 N.E.2d 1132, 1139 (Ind. 2003). We look only to the probative evidence supporting the judgment and the reasonable inferences that may be drawn from that evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. *Id.* If there is substantial evidence of probative value to support the conviction, it will not be set aside. *Id.*

[7] In order to show that Greene operated a vehicle while intoxicated, as a Class A misdemeanor, the State was required to show beyond a reasonable doubt that Greene, while intoxicated, operated a vehicle in a manner that endangered a person. Ind. Code § 9-30-5-2. Greene does not dispute that she operated a vehicle while intoxicated. Rather, she challenges only whether the State's evidence demonstrated that she did so in a manner that endangered a person.

[8] As we have explained:

The element of endangerment can be established by evidence showing that the defendant's condition or operating manner could have endangered any person, including the public, the police, or the defendant. Endangerment does not require that a person other than the defendant be in the path of the defendant's vehicle or in the same area to obtain a conviction.

\* \* \*

. . . [P]roof of 'endangerment' [must go] beyond mere intoxication in order for the defendant to be convicted of operating while intoxicated, as a Class A misdemeanor.

*Outlaw v. State*, 918 N.E.2d 379, 381-82 (Ind. Ct. App. 2009) (citations omitted), *adopted*, 928 N.E.2d 196 (Ind. 2010).

[9] The State met its burden here. The State's evidence demonstrated that Greene operated a vehicle at 10:45 p.m. without having the headlights on. Moreover, she did so in a busy area near a mall. It was easily within the fact-finder's prerogative to find that this evidence demonstrated that Greene endangered herself or another. Thus, contrary to Greene's argument on appeal, the State did not merely rely on the fact of her intoxication to demonstrate endangerment. Further, insofar as Greene asserts that she was driving in a well-lit area, or that she was ignorant about how the car worked, Greene's arguments are simply a request for this court to reweigh the evidence, which we will not do. We affirm her conviction for operating a vehicle while intoxicated, as a Class A misdemeanor.

### *Issue Two: Merger*

[10] Greene next asserts that the trial court violated her double jeopardy rights when it merged her Class C misdemeanor offense with her Class A misdemeanor offense. We cannot agree.

[11] The law here is clear:

> If a trial court does not formally enter a judgment of conviction on a jury verdict of guilty, then there is no requirement that the trial court vacate the "conviction," and merger is appropriate. *Townsend v. State*, 860 N.E.2d 1268, 1270 (Ind. Ct. App. 2007) (quoting *Green v. State*, 856 N.E.2d 703, 704 (Ind. 2006)). However, if the trial court does enter judgment of conviction on a jury's guilty verdict, then simply merging the offenses is insufficient and vacation of the offense is required. *See id.*; *Green*, 856 N.E.2d at 704; *Gregory v. State*, 885 N.E.2d 697, 703 (Ind. Ct. App. 2008) (where trial court entered judgments of conviction on jury's verdicts of guilty for dealing and conspiracy, then later merged the convictions for double jeopardy reasons, such merging without also vacating the conspiracy conviction was insufficient to cure the double jeopardy violation).

*Kovats v. State*, 982 N.E.2d 409, 414-15 (Ind. Ct. App. 2013); *see also Green*, 856 N.E.2d at 704 ("a defendant's constitutional rights are violated when a court enters judgment twice for the same offense, but not when a defendant is simply found guilty of a particular count . . . on which there is neither a judgment nor a sentence . . . .").

[12] Here, at the conclusion of her bench trial the court found Greene guilty of both counts. Tr. at 91. The parties then agreed to move immediately into

sentencing, and, at the conclusion of the parties' arguments, the court stated: "All right moving forward to sentencing merge Counts One and Two under one A misdemeanor conviction." *Id.* at 97. The court then issued its Sentencing Order, which states the disposition of the Class C misdemeanor offense as "Conviction Merged." Appellant's App. at 9. The CCS says the same. *Id.* at 7. In contrast, in both the CCS and the Sentencing Order, the disposition of the Class A misdemeanor offense is "Finding of Guilty." *Id.* at 7, 9.

[13] While the trial court's documents could be more clear, nonetheless we conclude that, although the court found Greene guilty of the Class C misdemeanor offense, it did not enter a formal judgment of conviction or sentence against Greene on that offense. Thus, we hold that there is no double jeopardy violation with respect to the court's merger of the Class C misdemeanor offense with the Class A misdemeanor conviction. We affirm the court's judgment.

[14] Affirmed.

Baker, J., and Friedlander, J., concur.