# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 17 2018, 8:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joel M. Schumm
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Supervising Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lisa Banks, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | April 17, 2018 <br><br> Court of Appeals Case No. 49A02-1709-CR-2101 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable David Certo, Judge <br><br> The Honorable David Hooper, Magistrate <br><br> Trial Court Cause No. 49G12-1609-CM-35139 |

**Altice, Judge.**

## Case Summary

[1] Following a jury trial, Lisa Banks was convicted of Class A misdemeanor operating a vehicle while intoxicated and Class B misdemeanor leaving the scene of an accident. On appeal, Banks challenges the sufficiency of the evidence with respect to both convictions.

[2] We affirm.

## Facts & Procedural History

[3] The evidence most favorable to the jury's verdicts follows. On September 5, 2016, IMPD Officer Jeffrey Wilkins was dispatched to the 1700 block of Bellefontaine Street on a report of a traffic accident. Upon arriving at the scene, Officer Wilkins saw that the door to a building was broken and that there was a vehicle inside the building. Officer Wilkins then observed a "civilian" in the middle of the intersection and a female, later identified as Banks, "stumbling down the street." *Transcript Vol. 2* at 8. Officer Wilkins, who was in full uniform and driving his marked police car, drove toward Banks. Banks turned toward an alley and kept walking away. Officer Wilkins located Banks sitting behind a bush next to a house. Officer Wilkins observed that Banks smelled of alcohol, had slurred speech and glassy eyes, and had difficulty standing. He also noted that her clothing was disheveled, and she was not wearing shoes. Officer Wilkins's involvement ended when Officer Craig Wildauer, a DUI investigator with IMPD, arrived on the scene.

[4] Officer Wildauer determined that Banks was the registered owner of the vehicle that had crashed into the building. In speaking with Banks, Officer Wildauer

observed that she had a strong odor of alcoholic beverage, slurred speech, glassy and bloodshot eyes, and her balance was poor. He also noted that Banks did not cooperate with his instructions while he attempted to perform the horizontal gaze nystagmus test, and that generally, she became "argumentative and belligerent." *Id.* at 21. Based on his observations, Officer Wildauer concluded that Banks was intoxicated. Officer Wildauer read to Banks Indiana's implied consent warning, and Banks refused to submit to a chemical test. Officer Wildauer then applied for, and was granted, a search warrant to obtain a blood sample from Banks. At trial, the parties stipulated to the admission of the results of Banks's blood test that showed Banks's B.A.C. was 0.178%.

[5] When Officer Wildauer asked Banks what had happened, she told him that she had been at a party at 38th and Byrum and that a black male wearing a blue hat took off in her vehicle. She said she ran after her vehicle until the point of collision. The distance between the location of the crash and the party was more than two miles. Although Banks claimed she had run after her vehicle for quite a distance, her bare feet had no injuries. Banks then requested her shoes from her vehicle, and Officer Wildauer located a pair of women's sandals on the driver's side floor area. As he left the scene to transport Banks to the hospital for the blood draw, Officer Wildauer looked around, but did not see a black male wearing a blue hat in the vicinity.

[6] On September 7, 2016, the State charged Banks with Count I, Class A misdemeanor operating a vehicle while intoxicated, Count II, Class A

misdemeanor operating a vehicle with an ACE of .15 or more, and Count III, Class B misdemeanor leaving the scene of an accident. A jury trial was held on August 17, 2017, at the conclusion of which the jury found Banks guilty as charged. Due to double jeopardy concerns, the trial court entered convictions only on Counts I and III.[1] The trial court sentenced Banks to concurrent terms of 363 days on Count I and 180 days on Count III, all suspended to probation. Banks now appeals. Additional evidence will be presented where necessary.

## Discussion & Decision

[7] In reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Atteberry v. State*, 911 N.E.2d 601, 609 (Ind. Ct. App. 2009). Instead, we consider only the evidence supporting the conviction and the reasonable inferences flowing therefrom. *Id*. If there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt, the judgment will not be disturbed.

---

[1] The sentencing order indicates that the disposition of Count II was "Conviction Merged." *Appellant's Appendix Vol. II* at 14. At the sentencing hearing, however, the trial court clearly stated that it was "vacating the verdict on Count II." *Transcript Vol. 2* at 122. As we have explained: "[i]f a trial court does not formally enter a judgment of conviction on a [finding] of guilty, then there is no requirement that the trial court vacate the "conviction," and merger is appropriate." *Townsend v. State*, 860 N.E.2d 1268, 1270 (Ind. Ct. App. 2007) (quoting *Green v. State*, 856 N.E.2d 703, 704 (Ind. 2006)). However, if the trial court does enter judgment of conviction on a [guilty finding], then simply merging the offenses is insufficient and vacation of the offense is required." *See id*. It appears as though the trial court intended to merge Counts I and II prior to entering a judgment of conviction and that the sentencing order simply contains a typographical error in that it indicates that a conviction on Count II merged with the conviction for Count I. We have not been provided an abstract of judgment, however, so the status of Count II is unclear. If a conviction was entered as to Count II, such conviction must be vacated to avoid a double jeopardy violation.

*Baumgartner v. State*, 891 N.E.2d 1131, 1137 (Ind. Ct. App. 2008). It is not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference may reasonably be drawn from it to support the conviction. *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007). "A verdict may be sustained based on circumstantial evidence alone if that circumstantial evidence supports a reasonable inference of guilt." *Maul v. State*, 731 N.E.2d 438, 439 (Ind. 2000). Although presence at a crime scene alone is insufficient to sustain a conviction, presence combined with other facts and circumstances, including the defendant's course of conduct before, during, and after the offense, may raise a reasonable inference of guilt. *Id*.

## Operating While Intoxicated

[8] Banks argues that the evidence is insufficient to support her conviction for Class A misdemeanor operating a vehicle while intoxicated. To convict Banks of operating a vehicle while intoxicated, the State was required to prove beyond a reasonable doubt that Banks operated a vehicle while intoxicated and in a manner that endangered a person. Ind. Code § 9-30-5-2. At issue here is whether the State proved that Banks was driving the vehicle and crashed into the building on Bellefontaine Street.

[9] While the State offered no direct evidence that Banks was driving the vehicle, the State presented plenty of circumstantial evidence from which the jury could have reasonably inferred that Banks was driving the vehicle when it crashed into the building. Indeed, the State presented evidence that Banks was

stumbling away from the crash scene. With the exception of one other person, Banks was the only individual at the scene and it was determined that the vehicle was registered to her. Banks was not wearing any shoes and a pair of women's sandals was found on the floor of the driver's side of the vehicle.

[10] The jury was also made aware that Banks told inconsistent stories. At the scene, Banks told Officer Wildauer she had been at a party and that a black male wearing a blue hat took her vehicle and she ran after her vehicle until it crashed into the building. The distance between the two locations was more than two miles. Although Banks claimed she had run that far, her bare feet were unscathed. At trial, however, Banks told a different story. She claimed that someone at the party took her keys away and that she only remembered getting into the passenger seat of her truck, her legs getting caught in the door as someone tried to close it, and that a black male whom she did not know was driving. Banks testified that she did not remember anything about the drive except for waking up in the crashed vehicle inside the building.

[11] Banks's argument that her mere presence in the vicinity of the accident is the only evidence that she was driving the crashed vehicle is simply a request to reweigh the evidence and judge the credibility of the witnesses. We will not indulge such request on appeal. The State presented sufficient circumstantial evidence to support Banks's conviction for operating while intoxicated as a Class A misdemeanor. *See Thang v. State*, 10 N.E.3d at 1256 (Ind. 2014) (affirming defendant's conviction for public intoxication because a reasonable inference that the defendant arrived at the gas station by driving his automobile

on the public streets while intoxicated could be drawn from evidence of the sudden presence of the defendant and his vehicle at a gas station, his intoxication, his possession of car keys, and the absence of any other person).

**Leaving the Scene of an Accident**

[12] Banks also argues that the evidence is insufficient to support her conviction for leaving the scene of an accident. Ind. Code § 9-26-1-1.1 provides, in pertinent part, as follows:

> (a) The operator of a motor vehicle involved in an accident shall do the following:
>
> > (1) [I]mmediately stop the operator's motor vehicle:
> >
> > > (A) at the scene of the accident; or
> > >
> > > (B) as close to the accident as possible;
> >
> > in a manner that does not obstruct traffic more than is necessary.
> >
> > (2) Remain at the scene of the accident until the operator does the following:
> >
> > > (A) Gives the operator's name and address and the registration number of the motor vehicle the operator was driving to any person involved in the accident.

(B) Exhibits the operator's driver's license to any person involved in the accident or occupant of or any person attending to any vehicle involved in the accident.

\* \* \*

(4) If the accident involves a collision with an unattended vehicle or damage to property other than a vehicle, the operator shall, in addition to the requirements of subdivisions (1) and (2):

(A) take reasonable steps to locate and notify the owner or person in charge of the damaged vehicle or property of the damage; and

(B) if after reasonable inquiry the operator cannot find the owner or person in charge of the damaged vehicle or property, the operator must contact a law enforcement officer or agency and provide the information required by this section.

(b) An operator of a motor vehicle who knowingly or intentionally fails to comply with subsection (a) commits leaving the scene of an accident, a Class B misdemeanor.

[13] Banks first argues that the State failed to prove she was an "operator" who had any obligation under the statute. Having concluded above that the State presented sufficient evidence from which the jury could have reasonably inferred that Banks was driving the vehicle, Banks's argument in this regard is similarly without merit.

[14] Banks also argues, however, that even assuming she was the operator of the vehicle, she fulfilled her statutory duties. There is no dispute that the vehicle was stopped at the scene of the accident and that, being inside a building, it was not obstructing traffic. Further, because there were no other vehicles or persons involved in the accident, Banks was not obligated to provide any information to others "involved in the accident." *See* I.C. § 9-26-1-1.1(a)(2)(A), (B).

[15] Here, the accident involved damage to a building. Pursuant to I.C. § 9-26-1-1.1(a)(4)(A), (B), Banks was required to "take reasonable steps to locate and notify" the owner of the damaged building, or after those efforts failed, to "contact a law enforcement officer or agency." Banks argues that the State failed to offer specific evidence about her efforts to contact the owner of the building. She also argues that when approached by the officers at the scene, she provided the information they requested. In sum, Banks argues that she fulfilled her statutory obligations and therefore, her conviction for leaving the scene of an accident must be reversed.

[16] Again, we find Banks's argument to be a request to reweigh the evidence. The State's evidence established that the first officer to arrive at the scene of the accident saw Banks stumbling down the street, away from accident scene. As the officer approached in his marked police car, Banks turned toward an alley and kept walking away from the officer. The officer ultimately located Banks sitting behind a bush next to a house. Banks did not summon the police to provide them with the required information; rather she provided the information to the police as part of their investigation. A reasonable inference

can be drawn from this evidence that Banks was leaving the scene of the accident. Based on the forgoing, we conclude that the State presented sufficient evidence to support Banks's conviction for leaving the scene of an accident as a Class B misdemeanor.

[17]  Judgment affirmed.

[18]  Najam, J. and Robb, J., concur.