

FILED
May 06 2026, 9:05 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



IN THE

# Court of Appeals of Indiana

Aaron Renzy Gordy,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 6, 2026

Court of Appeals Case No.
25A-CR-2533

Appeal from the
Marion Superior Court

The Honorable
Peggy R. Hart, Magistrate

Trial Court Cause No.
49D31-2408-F3-25006

**Baker, Senior Judge.**

## Statement of the Case

Aaron Gordy appeals, arguing that the trial court violated his right against double jeopardy by merging his convictions instead of vacating them. As we do not discern a double jeopardy violation, we affirm Gordy's conviction.

## Facts and Procedural History

On August 28, 2024, Aaron Gordy battered his girlfriend, causing injuries that included an orbital fracture, bleeding behind the eyeball, and nasal bone fractures. The State charged him with Count I Level 3 felony aggravated battery; Count II Level 5 felony domestic battery resulting in serious bodily injury; Count III Level 5 felony domestic battery by means of a deadly weapon; and Count IV Class A misdemeanor domestic battery.

Following a bench trial, Gordy was found guilty of all four charges. The court merged all the charges into one and entered a judgment of conviction and sentence for the Level 3 felony aggravated battery. The trial court sentenced Gordy to ten and one-half years. He now appeals.

## Discussion and Decision

[4] Gordy contends that the trial court's act of merging, rather than vacating, Counts II, III, and IV violated the prohibition against double jeopardy.

[5] First, Gordy notes the trial court did not enter a separate judgment of conviction as required by statute. Indiana Code section 35-38-1-1(a) mandates that following a finding of guilt, "the court shall enter a judgment of conviction." Indiana Code section 35-38-3-2(b) requires that a judgment of conviction include certain information, namely, (1) the crime and the classification of the offense; (2) the amount of the fines or costs assessed; and (3) the amount of credit time earned for time spent in confinement before sentencing. However, a sentencing order can qualify as a judgment of conviction if it includes all the necessary information required by Section 35-38-3-2(b). *Woodcox v. State*, 30 N.E.3d 748, 751 (Ind. Ct. App. 2015).

[6] The sentencing order issued in this case included all the information required by Section 35-38-3-2(b) that applied to Gordy's case. Specifically, the sentencing order indicates that Gordy was found guilty of Level 3 felony aggravated battery in violation of Indiana Code section 35-42-2-1.5(2), that he was assessed a domestic violence prevention fee of $50, and that he earned zero credit time because all of his credit days were applied to another cause number. Accordingly, we conclude that the trial court's sentencing order in this case served as both the judgment of conviction and the sentencing order. *See Baker v. State*, 255 N.E.3d 1199, 1204 (Ind. Ct. App. 2025) (finding that sentencing

order served purpose of both judgment of conviction and sentencing order where record contained no separate judgment of conviction).

[7] We turn now to the alleged double jeopardy violation. Gordy contends that, because the CCS, sentencing order, and abstract of judgment state that Counts II, III, and IV were merged, this Court should order vacatur of the convictions on those three counts and remand to the trial court for correction of these documents.

[8] In this case, the parties and the court agreed that convictions could not be entered on all four counts, *see infra*, presumably because the other three counts were factually lesser-included offenses of the aggravated battery. This Court reviews double jeopardy claims de novo. *Maxwell v. State*, 273 N.E.3d 140, 146 (Ind. Ct. App. 2025), *trans. denied*.

[9] "[A] defendant's constitutional rights are violated when a court enters judgment twice for the same offense, but not when a defendant is simply found guilty of a particular count." *Green v. State*, 856 N.E.2d 703, 704 (Ind. 2006). A finding of guilt does not equate to a judgment of conviction. *See id.* If a trial court does not formally enter a judgment of conviction on a finding of guilty, then there is no requirement that the trial court vacate the so-called conviction, and merger is appropriate. *Kovats v. State*, 982 N.E.2d 409, 414 (Ind. Ct. App. 2013). Indeed, "a merged offense for which a defendant is found guilty, but on which there is neither a judgment nor a sentence, is 'unproblematic' as far as double jeopardy is concerned." *Green*, 856 N.E.2d at 704 (quoting *Carter v. State*, 750 N.E.2d

778, 781 (Ind. 2001)).  Timing is key—"'merger *after* judgments of conviction have been entered does not cure the double jeopardy violation.'" *Gale v. State*, 882 N.E.2d 808, 819 (Ind. Ct. App. 2008) (emphasis added) (quoting *Morrison v. State*, 824 N.E.2d 734, 742 n.5 (Ind. Ct. App. 2005), *trans. denied*).

[10] Here, at the end of the presentation of evidence at Gordy's bench trial, the court asked the State whether it would agree that judgment of conviction could only be entered as to Count I and that Counts II, III, and IV would merge.  Tr. Vol. II, p. 106.  The State agreed.  *Id.*  The trial court found Gordy guilty on all four counts, and after announcing its finding, the court stated that it would enter judgment of conviction as to Count I aggravated battery as a Level 3 felony and that Counts II, III, and IV would all merge.  *Id.* at 115.  The parties acknowledged that they agreed.  *Id.*  The court then stated, "I can only enter conviction on [Count] I. . . .  So I'm only entering judgment [of] conviction as to the Level 3."  *Id.*

[11] At sentencing, the court reiterated:  "[The] court found you guilty and entered judgment [of] conviction as to Count I only.  Again, this has been found guilty after a court trial.  Count I only, aggravated [battery] as a Level 3 Felony."  *Id.* at 133.  And again:  "I found him guilty as to Count I and enter[ed] judgment and conviction.  Count II, guilty, merge.  Count III, guilty, merge.  Count IV was guilty, merged[.]"  *Id.* at 142.  The court sentenced Gordy to ten and one-half years for aggravated battery.

In sum, the court found Gordy guilty on all counts and stated that judgment of conviction could and would be entered only on Count I aggravated battery. The court merged Counts II, III, and IV into Count I and then entered judgment and a sentence only on the aggravated battery charged in Count I. Accordingly, there is no double jeopardy violation.

## Conclusion

The trial court did not subject Gordy to double jeopardy.

Affirmed.


Mathias, J., and Felix, J., concur.


ATTORNEY FOR APPELLANT

Talisha R. Griffin
Peter M. Laramore
Marion County Public Defender Agency
Indianapolis, Indiana


ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Steven J. Hosler
Deputy Attorney General
Indianapolis, Indiana