# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**LEANNA WEISSMANN**
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
**CHANDRA K. HEIN**
Deputy Attorneys General
Indianapolis, Indiana

FILED

Feb 07 2013, 9:31 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHRISTINA M. KOVATS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 15A01-1205-CR-224 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable Jonathan N. Cleary, Judge
Cause No. 15D01-1111-FB-52

**February 7, 2013**

**OPINION – FOR PUBLICATION**

**MATHIAS, Judge**

Christina M. Kovats ("Kovats") was convicted in Dearborn Superior Court of Class B felony neglect of a dependent, Class D felony operating a vehicle while intoxicated ("OWI"), Class D felony resisting law enforcement, and Class D felony criminal recklessness. Kovats appeals and presents three issues, which we reorder and restate as:

I.      Whether the trial court should have vacated the judgments of conviction on the Class D felony counts due to double jeopardy concerns;

II.     Whether the trial court abused its discretion by considering the fact that the passenger in the vehicle Kovats was driving died shortly after sustaining injuries in the accident caused by Kovats's intoxication as an aggravating factor in sentencing; and

III.    Whether Kovats's twenty-year sentence is inappropriate in light of the nature of the offense and the character of the offender.

Concluding that merging already-entered judgments on Kovats's convictions for Class D felony resisting law enforcement and criminal recklessness was insufficient to remedy the double jeopardy issues presented by convicting Kovats on these convictions, we reverse Kovats's convictions thereon and remand with specific instructions. We also conclude that Kovats's maximum twenty-year executed sentence is inappropriate, and we exercise our constitutional authority to revise her sentence to fifteen years executed.

**Facts and Procedural History**

Kovats worked as a home healthcare nurse and was hired to look after eighty-nine-year-old N.C., who had recently suffered a stroke. On the evening of October 28, 2011, Kovats was driving N.C. home from a weekly social event that N.C. liked to attend when she stopped to fuel her car. Kovats then drove off from the gas station without paying for gasoline and subsequently fled from an Indiana State Police Trooper who tried to stop her

2

for her theft of the gasoline. During the ensuing chase, Kovats accelerated to speeds between 102 and 116 miles per hour. She also passed several cars in a no-passing zone. Kovats eventually lost control of her car and drove across the lane of oncoming traffic and into a ditch, narrowly missing a car transporting children. N.C. was seriously injured in the wreck and had to be cut from the car, all the while screaming and moaning in pain.

N.C. was transported to a nearby hospital, where she was still moaning in pain. She also had bruises and bumps on her head, a laceration on her right hand, and was suffering from abdominal pain. She had fragments of metal and plastic embedded in her face, and her leg had swollen to such an extent that blood and lymphatic fluid were leaking from her skin. In addition, one of her fingers was almost torn off of her hand. N.C. was on a regimen of blood thinner, so the physician at the local hospital feared she might have internal bleeding; N.C. was therefore transferred to the trauma center at the University of Cincinnati Hospital. On a ten-point scale, N.C.'s pain was assessed as a ten. From the time of the accident until her death six weeks later, N.C. suffered "horrendously." Tr. p. 791.

After the accident, Kovats's blood tested positive for oxymorphone at a concentration of 29.6 ng/mL. For reference, a therapeutic range for a patient is usually 1-5 ng/mL. At trial, evidence was presented that oxymorphone is approximately eight to fifteen times more potent than morphine or heroin.

On November 18, 2011, the State charged Kovats with Class B felony neglect of a dependent, Class D felony operating a vehicle while intoxicated, Class D felony resisting law enforcement, and Class D felony criminal recklessness. Following a four-day jury

trial, Kovats was found guilty as charged. The trial court entered judgment of conviction on the jury verdicts, but at the sentencing hearing "merged" the Class D felony convictions into the conviction for Class B felony neglect of a dependent and sentenced Kovats to twenty years incarceration. However, the trial court did not affirmatively vacate the judgments entered on the merged convictions. Kovats now appeals.[1]

## I. Double Jeopardy

Kovats claims that the trial court erred when it merged her convictions on Counts II, III, and IV into Count I for purposes of sentencing instead of explicitly vacating the judgments previously entered on those convictions. Specifically, she claims that conviction on Class B felony neglect of a dependent causing serious bodily injury and all of the Class D felony counts, two of which were also elevated by, or based on, the same serious bodily injury, constituted double jeopardy.

Kovats was found guilty of Class B felony neglect of a dependent resulting in serious bodily injury, Class D felony OWI causing serious bodily injury, and Class D felony criminal recklessness for inflicting serious bodily injury on N.C. It is apparent that conviction on all of these counts, all based on the same serious bodily injury, was improper. See Deloney v. State, 938 N.E.2d 724, 730 (Ind. Ct. App. 2010) (noting that conviction of two crimes, both of which were elevated based upon the same bodily injury, subjects the defendant to double jeopardy) (citing Smith v. State, 872 N.E.2d 169, 176 (Ind. Ct. App. 2007)); Bunch v. State, 937 N.E.2d 839, 847-48 (Ind. Ct. App. 2010)

---

[1] We heard oral argument in this case on January 16, 2013, at Union County High School in Liberty, Indiana. We would like to extend our thanks to the students, staff, faculty, and administration of the school for their hospitality, and we commend counsel for the quality of their written and oral advocacy.

4

(noting rule that multiple crimes may not be enhanced by the same bodily injury) (citing Pierce v. State, 761 N.E.2d 826, 830 (Ind. 2002)).

Kovats's conviction for criminal recklessness was based entirely on the fact that Kovats had recklessly inflicted serious bodily injury on N.C. See Appellant's App. p. 41. We therefore reverse Kovat's conviction for criminal recklessness and instruct the trial court to vacate this conviction on remand.

With regard to the conviction for Class D felony OWI resulting in serious bodily injury, more discussion is required. Generally, OWI as a result of being under the influence of a controlled substance is a Class C misdemeanor. See Ind. Code § 9-30-5-2(a) ("a person who operates a vehicle while intoxicated commits a Class C misdemeanor."); Ind. Code § 9-13-2-86 (defining "intoxicated" as being under the influence of a controlled substance such that there is "an impaired condition of thought and action and the loss of normal control of a person's faculties."). However, if a person operates a vehicle while intoxicated and does so in a manner that endangers a person, the offense is a Class A misdemeanor. See I.C. § 9-30-5-2(b).

Kovats was convicted of OWI as a Class D felony pursuant to Indiana Code section 9-30-5-4(a), which provides in relevant part that "[a] person who causes serious bodily injury to another person when operating a vehicle . . . with a controlled substance listed in schedule I or II of IC 35-48-2 or its metabolite in the person's body; or . . . while intoxicated . . . commits a Class D felony." Thus, the offenses of OWI as a Class C misdemeanor and Class A misdemeanor are lesser included offenses of Class D felony OWI causing serious bodily injury. State v. Keith, 482 N.E.2d 751, 756 (Ind. Ct. App.

1985).  But conviction of OWI as a Class A misdemeanor, which does *not* require proof of serious bodily injury, presents no double jeopardy problem in conjunction with a conviction for Class B felony neglect of a dependent causing serious bodily injury.

Therefore, the appropriate cure to the double jeopardy problem present in Kovat's convictions for Class D felony OWI causing serious bodily injury and Class B felony neglect of a dependent causing serious bodily injury is to enter a conviction for Class A misdemeanor OWI.  See Orta v. State, 940 N.E.2d 370, 377 (Ind. Ct. App. 2011) ("When two convictions are found to contravene double jeopardy principles, a reviewing court may remedy the violation by reducing either conviction to a less serious form of the same offense if doing so will eliminate the violation."), trans. denied.  We therefore reverse Kovats's conviction for Class D felony OWI and remand with instructions that the trial court vacate the judgment of conviction for  Class D felony OWI and enter a judgment of conviction for the lesser-included offense of Class A misdemeanor OWI.

Kovats's conviction for resisting law enforcement was not elevated due to serious bodily injury; therefore, conviction for Class B felony neglect of a dependent and Class D felony resisting law enforcement appear to present no double jeopardy concerns.  Thus, entry of a judgment of conviction on this count was not improper.

The trial court attempted to remedy any potential double jeopardy concerns by merging all of the convictions for purposes of sentencing.  However, the trial court had already entered judgment of conviction on all of the jury's verdicts.  Tr. p. 785. Kovats is correct that this was insufficient to cure the double jeopardy issue.

6

If a trial court does not formally enter a judgment of conviction on a jury verdict of guilty, then there is no requirement that the trial court vacate the "conviction," and merger is appropriate. Townsend v. State, 860 N.E.2d 1268, 1270 (Ind. Ct. App. 2007) (quoting Green v. State, 856 N.E.2d 703, 704 (Ind. 2006)). However, if the trial court does enter judgment of conviction on a jury's guilty verdict, then simply merging the offenses is insufficient and vacation of the offense is required. See id.; Green, 856 N.E.2d at 704; Gregory v. State, 885 N.E.2d 697, 703 (Ind. Ct. App. 2008) (where trial court entered judgments of conviction on jury's verdicts of guilty for dealing and conspiracy, then later merged the convictions for double jeopardy reasons, such merging without also vacating the conspiracy conviction was insufficient to cure the double jeopardy violation).

Here, the trial court clearly entered judgments of conviction on all of the jury's guilty verdicts but simply merged the lesser convictions at sentencing without also vacating the judgments on these convictions. On remand, we instruct the trial court as follows: the judgment of conviction for Class D felony criminal recklessness is to be vacated; the judgment of conviction for Class D felony OWI causing serious bodily injury is to be vacated, and a judgment of conviction for Class A misdemeanor OWI is to be entered instead; the judgments of conviction for Class B felony neglect of a dependent and Class D felony resisting law enforcement are to remain intact.

## II. Allegedly Improper Aggravating Factor

Kovats also claims that the trial court abused its discretion by considering as an aggravator the fact that N.C. died shortly after sustaining injuries in the accident caused

by Kovats's intoxication. Sentencing decisions "rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218. A trial court may abuse its sentencing discretion by: (1) failing to enter a sentencing statement, (2) finding aggravating or mitigating factors unsupported by the record, (3) omitting mitigating factors clearly supported by the record and advanced for consideration, or (4) giving reasons that are improper as a matter of law. Id. at 490-91. Because a trial court no longer has any obligation to weigh aggravating and mitigating factors against each other when imposing a sentence, it cannot now be said to have abused its discretion in failing to properly weigh such factors. Id. at 491.

Kovats claims that the State presented no evidence that N.C. died as a result of the injuries sustained during the accident caused by Kovats's flight from the police and that the trial court therefore erred in considering N.C.'s death as an aggravating factor. The State claims that the trial court did not consider as an aggravator the fact that Kovats *caused* N.C.'s death; instead, the State argues that the trial court considered as aggravating the fact that, as a result of the accident, N.C. spent the last few weeks of her life in excruciating pain.

We need not spend too much time addressing this issue, because even if the trial court did abuse its discretion in sentencing Kovats, we have several options to remedy any error. Windhorst v. State, 868 N.E.2d 504, 507 (Ind. 2007). We have the option to remand to the trial court for a clarification or new sentencing determination, or we may

8

exercise our constitutional authority to review and revise the sentence. Id. In this case, we have chosen the latter option.

### III. Appellate Rule 7(B)

Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence imposed by the trial court. This appellate authority is implemented through Indiana Appellate Rule 7(B), which provides that a court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In our review of sentences under this rule, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." Trainor v. State, 950 N.E.2d 352, 355 (Ind. Ct. App. 2011), trans. denied. And although we have the power to review and revise sentences, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." Cardwell v. State, 895 N.E.2d 1219, 1225 (Ind. 2008). It is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. Trainor, 950 N.E.2d at 355; Childress v. State, 848 N.E.2d 1073, 1080 (Ind. 2006).

Kovats claims that the twenty-year, maximum sentence is inappropriate and that the trial court should have instead imposed the advisory sentence of ten years. Kovats

9

did receive the maximum sentence on her Class B felony conviction, and the maximum possible sentences are generally most appropriate for the worst offenders. Simmons v. State, 962 N.E.2d 86, 92 (Ind. Ct. App. 2011). Although the maximum possible sentences are generally most appropriate for the worst offenders, this rule is not an invitation to determine whether a worse offender could be imagined, as it is always possible to identify or hypothesize a significantly more despicable scenario, regardless of the nature of any particular offense and offender. Simmons, 962 N.E.2d at 92. By stating that maximum sentences are ordinarily appropriate for the worst offenders, we refer generally to the class of offenses and offenders that warrant the maximum punishment, and this encompasses a considerable variety of offenses and offenders. Id. at 92-93.

As to the nature of the offense, the trial court thoroughly explained the horrific nature of Kovats's offense. Although she was not charged with the crime of theft of the gasoline at issue, Kovats led an investigating police officer on a dangerous chase at speeds well over 100 miles per hour and almost hit another car head-on. N.C. was grievously injured by the accident, and suffered excruciating pain—so much so that an experienced nurse at a trauma center cried while testifying about the pain she saw N.C. endure. Kovats also had a large amount of oxymorphone in her blood and showed little concern for N.C. at the scene of the accident. She also attacked an EMT and refused to answer questions regarding N.C.'s condition and identity. The betrayal of trust shown by Kovats was truly extraordinary, and the injuries and pain suffered by N.C. were extreme.

Kovats's crime was wholly unnecessary and senseless, and fits within the classification of the worst offense.

We must also consider Kovats's character. As far as the record before us shows, this is Kovats's first felony conviction.[2] Kovats's prior criminal history was not extensive, but it did include a 2006 conviction for OWI in Ohio. She was later convicted in Ohio for driving while suspended, possession of drug paraphernalia, and theft. Her convictions in Indiana include maintaining a common nuisance and public intoxication. Kovats has also violated her probation multiple times.[3] It is apparent that Kovats does not possess a stellar character.

Nevertheless, we are unable to say that she is among the "worst offenders." Most of Kovats's offenses are related to her obvious addiction to narcotics. Although this is not necessarily a mitigating factor, it does place her behavior in perspective. Too, there is no indication that Kovats has ever served a long-term executed sentence. Instead, she was consistently given suspended sentences in the past. See Powell v. State, 751 N.E.2d 311, 317 (Ind. Ct. App. 2001) (concluding that where defendant had not previously been incarcerated, and where nothing in the record indicated otherwise, the presumptive sentence should be sufficient to give defendant adequate correctional and rehabilitative treatment). Also, since her arrest in the present case, she sought out treatment for her

---

[2] The presentence investigation report does not indicate whether Kovats's prior convictions in Ohio were felonies or misdemeanors.

[3] On October 13, 2011, after her arrest in the present case, the State charged Kovats with six counts of Class C felony forgery and two counts of Class D felony theft. But, as of the date of sentencing, Kovats had not been convicted of these charges. See Tr. pp. 856-57 (noting that these charges were "pending" at the time of sentencing).

addiction in jail. See Tr. p. 823. Kovats also has four children, one of whom suffers from cystic fibrosis.

After giving due consideration to the trial court's sentencing decision, and considering the nature of Kovats's offense and Kovats's character, we disagree with Kovats that she should receive the advisory sentence of ten years. The horrific nature of her offense alone supports the imposition of a sentence greater than the advisory. At the same time, we are unable to conclude that Kovats is among the worst offenders. We therefore exercise our constitutional authority to revise Kovats's sentence to an executed term of fifteen years.

**Conclusion**

Kovats's convictions for Class B felony neglect of a dependent, Class D felony criminal recklessness, and Class D felony OWI constituted double jeopardy because all three convictions were based on, or elevated by, the same serious bodily injury. Merging these convictions for purposes of sentencing was insufficient to cure the double jeopardy problems because the trial court had already entered judgments of conviction on all counts. On remand, the trial court is instructed to vacate Kovats's convictions for Class D felony criminal recklessness and Class D felony OWI, and to enter a judgment of conviction and concurrent sentence on the lesser-included offense of Class A misdemeanor OWI. Lastly, Kovats's maximum executed sentence of twenty years for her conviction for Class B felony is inappropriate, and we remand with instructions that the trial court enter a sentencing order reflecting our revision of Kovats's sentence to fifteen years executed on that conviction.

Reversed and remanded with instructions.

BAKER, J., and BAILEY, J., concur.