**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**F. SCOTT STUARD**
Frankfort, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ANDREW R. FALK**
Deputy Attorney General
Indianapolis, Indiana

FILED
Apr 09 2013, 9:15 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JUSTIN M. LEWIS, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 12A04-1210-CR-556 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE CLINTON SUPERIOR COURT
The Honorable Justin H. Hunter, Judge
Cause No. 12D01-1202-FB-174

**April 9, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

Justin M. Lewis battered his girlfriend in the presence of their child and his girlfriend's child. Lewis also confined his girlfriend's niece, damaged the wall and door of his girlfriend's apartment, and possessed marijuana and a marijuana pipe. The State charged Lewis with nine counts, including two class B felonies and a class C felony, and alleged that he was a habitual offender. Lewis pled guilty to class D felony criminal confinement, class D felony domestic battery, class A misdemeanor possession of marijuana, class A misdemeanor possession of paraphernalia, and class B misdemeanor criminal mischief, and he admitted to being a habitual offender. The trial court sentenced him to five years executed. On appeal, Lewis contends that the trial court abused its discretion in considering various aggravating and mitigating factors and that his sentence is inappropriate in light of his character. Finding no abuse of discretion and that Lewis has failed to establish that his sentence is inappropriate, we affirm.

**Facts and Procedural History**[1]

The sparse factual basis to which Lewis admitted at the guilty plea hearing indicates that on February 25, 2012, Lewis battered his girlfriend in the presence of their ten-month-old daughter and his girlfriend's four-year-old son. He also confined his girlfriend's niece,[2]

---

[1]  Indiana Appellate Rule 46(A)(6)(a) provides that an appellant's statement of facts "shall be supported by page references to the Record on Appeal or Appendix in accordance with Rule 22(C)." Lewis's statement of facts contains no supporting references and, as the State suggests, appears to be based on the probable cause affidavit.

[2]  The factual basis mentions only her name; her relationship to Lewis's girlfriend is mentioned elsewhere in the record.

damaged the wall and door of his girlfriend's apartment, and possessed less than thirty grams of marijuana and a marijuana pipe. The State charged Lewis with nine counts: two counts of class B felony criminal confinement, class C felony intimidation, class D felony domestic battery, class D felony neglect of a dependent, class D felony intimidation, class A misdemeanor possession of marijuana, class A misdemeanor possession of paraphernalia, and class B misdemeanor criminal mischief. The State also alleged that Lewis was a habitual offender.

On September 11, 2012, the day of his jury trial, the State amended the class B and class C felony counts (all based on the alleged use of a knife as a deadly weapon) to class D felony counts, and Lewis agreed to plead guilty to five counts: class D felony criminal confinement, class D felony domestic battery, and the three misdemeanor counts. Lewis also admitted to being a habitual offender. The State agreed to dismiss the remaining counts. Sentencing was left to the trial court's discretion.

At the sentencing hearing on October 10, 2012, Lewis proposed several mitigating circumstances and requested a sentence of four and a half years, with one and a half years suspended to probation. The trial court made the following sentencing statement:

> Mr. Lewis, I do agree that you have accepted responsibility for your conduct on the charged offenses for which you've plead guilty to. And that is a mitigating factor. I also recognize that incarceration poses a hardship to everyone close to you. I'm not sure that I agree that it's an undue hardship. [B]ut I do agree that you share a common scenario that when you're incarcerated it's difficult to support those who need your support. And that's both emotional support and financial support. It's an aggravating circumstance that your criminal history includes crimes of violence and drug offenses. And this offense and the events that unfolded this night presented themselves as an event of violence and substance abuse. And so there's repeat there. And I

3

note that prior attempts at sentencing you to suspended time have not deterred you from the conduct that occurred again that resulted in this crime before the Court …. And I do note and cannot ignore the fact that the last time you presented with a felony offense you violated probation on three occasions[3] which for the final time culminated in a violation of probation sentence of eighteen hundred and twenty-five days to the Department of Correction. [W]hich means that you're a poor candidate for probation in all honesty.

Tr. at 43-44 (verbal hesitations and repetitions omitted). The court sentenced Lewis to concurrent terms of two years on each of the class D felony counts, six months on each of the class A misdemeanor counts, and 180 days on the class B misdemeanor count. The court attached a three-year habitual offender enhancement to the battery count, for an aggregate sentence of five years executed. The trial court's written sentencing statement reads in pertinent part as follows: "The Court finds aggravating circumstances in Defendant's criminal history including a prior violence and drug offense conviction; and the Court finds mitigating circumstances in Defendant's willingness to enter a plea of guilty and accept responsibility for his crime as well as the hardship imposed by incarceration on defendant's children." Appellant's App. at 91. Lewis now appeals. Additional facts will be provided as necessary.

---

[3] Lewis says that "[t]he record actually indicates he has had two" probation violations. Appellant's Br at 10 n.1 (citing Appellant's App. at 99-101). Be that as it may, Lewis's multiple probation violations support the trial court's assessment that he would be a "poor candidate" for probation.

## Discussion and Decision

### *I. Abuse of Discretion*

Sentencing decisions rest within the trial court's sound discretion and are reviewed on appeal only for an abuse of discretion. *Kovats v. State*, 982 N.E.2d 409, 415 (Ind. Ct. App. 2013).

> A trial court may abuse its sentencing discretion by: (1) failing to enter a sentencing statement, (2) finding aggravating or mitigating factors unsupported by the record, (3) omitting mitigating factors clearly supported by the record and advanced for consideration, or (4) giving reasons that are improper as a matter of law. Because a trial court no longer has any obligation to weigh aggravating and mitigating factors against each other when imposing a sentence, it cannot now be said to have abused its discretion in failing to properly weigh such factors.

*Id.* (citation omitted).[4]

> Lewis's first argument is as follows:

> The record does not support the trial court's findings regarding Lewis's having a conviction for a "crime of violence" nor drug offenses. The only record before the court as to Lewis's criminal history was the presentence investigation report submitted by the probation department. That report indicates Lewis has been convicted of Driving While Suspended in 2007, Theft in 2004, Possession of Cocaine in 2003, Criminal Recklessness with a Firearm in 1999 and Dangerous Possession of a Firearm in 1999. Additionally, the report indicates a conviction for theft as a juvenile. The term "crime of violence" is defined in I.C. 35-50-1-2 and includes a specific list of 16 offenses. None of the offenses to which Lewis has been convicted are considered to be a crime of violence pursuant to that definition. Additionally, as included in the presentence investigation report, Lewis has one prior drug offense, the possession of cocaine from 2003.

Appellant's Br. at 9-10 (citation to appendix omitted).

---

[4] At various points in his brief, Lewis suggests that the trial court failed to give his guilty plea sufficient mitigating weight. Such a claim is not reviewable on appeal. *Kovats*, 982 N.E.2d at 415.

The State correctly observes that appellate courts "'examine both the written and oral sentencing statements to discern the findings of the trial court.'" Appellee's Br. at 8 (quoting *McElroy v. State*, 865 N.E.2d 584, 589 (Ind. 2007)). We agree with the State that when the trial court summarized Lewis's criminal history at the sentencing hearing, it

> may have spoken with less than perfect accuracy regarding the number of Defendant's prior drug offenses, making it plural rather than singular. When the court prepared its written sentencing statement, it accurately referenced Defendant's prior drug conviction. From the context of the court's statement and its clarification in the sentencing order, it is evident that the trial court did not misunderstand the number of prior drug convictions, but merely misspoke in its oral statement.

*Id*. (citations to record omitted). We also agree with the State that

> the trial court was likely referring to Defendant's convictions for criminal recklessness while armed with a deadly weapon and his convictions for carrying a handgun without a license and dangerous possession of a firearm when it referenced his "crimes of violence" in the sentencing statement. In the sentencing order the trial court clarified this finding, restating it as a "prior violence [conviction]". Both from the context of the sentencing statement and the clarification of the sentencing order it is evident that the trial court was referring not to the specific "crimes of violence" as defined in Indiana Code Section 35-50-1-2 but to crimes involving violence generally.

*Id*. (citations to record omitted). As such, we find no abuse of discretion here.

In the section of his brief in which he challenges the appropriateness of his sentence, Lewis urges us "to find his history of alcohol abuse a mitigating factor when reviewing and revising the sentence imposed by the trial court." Appellant's Br. at 13. Because it is not our task to find mitigating factors on appeal, we construe this argument as an assertion that the trial court abused its discretion in failing to find Lewis's alcohol abuse as a mitigating factor at sentencing. We note, however, that Lewis did not specifically raise his alcohol abuse as a

proposed mitigator at sentencing, and therefore he is precluded from raising it for the first time on appeal. *Pennington v. State*, 821 N.E.2d 899, 905 (Ind. Ct. App. 2005). To the extent Lewis argues that the trial court improperly considered his alcoholism as an aggravating factor, we disagree. A defendant's substance abuse may properly be considered an aggravating circumstance, as well as a defendant's failure to seek treatment. *Caraway v. State*, 959 N.E.2d 847, 852 (Ind. Ct. App. 2011), *trans. denied* (2012). Lewis, who was thirty when he committed the charged crimes, had been drinking alcohol since he was thirteen and had consumed a "fifth" of alcohol daily since he was twenty-seven, yet he never sought treatment for his addiction and battered his girlfriend in the presence of their child while under the influence of alcohol. Appellant's App. at 103. Again, we find no abuse of discretion.

## II. *Appropriateness of Sentence*

Lewis also asks that we reduce his five-year executed sentence pursuant to Indiana Appellate Rule 7(B), which provides that this Court "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008).

> [T]he question is not whether another sentence is more appropriate, but whether the sentence imposed is inappropriate. The defendant carries the

burden of persuading this court that his sentence is inappropriate. The defendant must show that his sentence is inappropriate in light of *both* his character and the nature of the offense.

*Mateo v. State*, 981 N.E.2d 59, 74 (Ind. Ct. App. 2012) (emphasis added) (citations omitted), *trans. denied*.

"Concerning the nature of the offense, the advisory sentence is the starting point the Legislature selected as appropriate for the crime committed." *Pierce v. State*, 949 N.E.2d 349, 352 (Ind. 2011). The advisory sentence for a class D felony is one and a half years, with a range between six months and three years. Ind. Code § 35-50-2-7. A habitual offender enhancement must be "not less than the advisory sentence for the underlying offense nor more than three (3) times the advisory sentence for the underlying offense," or between one and a half years and four and a half years for a class D felony. Ind. Code § 35-50-2-8(h).

Lewis fails to address the nature of his offenses, thus making it practically impossible for him to carry his burden of persuasion on appeal. Lewis battered his girlfriend in the presence of two young children, confined his girlfriend's niece, damaged his girlfriend's apartment, and possessed marijuana and paraphernalia. These offenses are the latest in a string of crimes that Lewis has committed since he was a juvenile and reflect poorly on his character. Lewis has a history of using and abusing drugs and has violated probation twice before, which indicates that he does not respond well to leniency and minimal judicial supervision. Lewis took some measure of responsibility for his crimes by pleading guilty on the day of trial, but he has fallen far short of persuading us that his sentence is inappropriate. Therefore, we affirm.

Affirmed.

ROBB, C.J., and FRIEDLANDER, J., concur.