# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Oct 11 2018, 9:19 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Benjamin Loheide
Law Office of Benjamin Loheide
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

## IN THE
## COURT OF APPEALS OF INDIANA

William C. Cox,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

October 11, 2018

Court of Appeals Case No.
18A-CR-956

Appeal from the Bartholomew
Superior Court

The Honorable James D. Worton,
Judge

Trial Court Cause Nos.
03D01-1711-F6-6542
03D01-1705-F4-2745

**Crone, Judge.**

# Case Summary

William C. Cox appeals the eight-and-a-half-year aggregate sentence imposed by the trial court following his guilty plea to level 5 felony carrying a handgun without a license and level 6 felony unlawful possession of a syringe. He contends that his sentence is inappropriate in light of the nature of the offenses and his character. Concluding that he has not met his burden to demonstrate that his sentence is inappropriate, we affirm.

# Facts and Procedural History

On May 14, 2017, Cox stole a purse from Sasha Penrose's residence that contained a pink .380 handgun and two cell phones. After reporting the property as stolen, Penrose posted information about the theft on Facebook. Later that day, Cox offered to sell that handgun to another individual and arranged to meet that individual at a gas station. He sent pictures to the individual, one of himself holding Penrose's handgun to his head, and another with a .380 bullet clenched between his teeth. That individual, Jesse Bridges, saw Penrose's Facebook post and contacted her to tell her that Cox had arranged to sell her handgun to him. Penrose called the police and informed them about Cox's plan to meet Bridges to sell the gun.

Police arrived at the gas station and located Cox inside. He was wearing the same clothing as he was in the picture of himself holding Penrose's gun. He denied having the stolen gun or the other stolen property. However, officers

located the gun inside the store hidden behind bags of potato chips. Cox also had Penrose's two cell phones as well as three .380 cartridges on his person.

[4] On May 16, 2017, the State charged Cox with level 4 felony unlawful possession of a firearm by a serious violent felon, level 6 felony theft of a firearm, class A misdemeanor theft, and class A misdemeanor unlawful possession of a firearm by a domestic batterer. Cox was incarcerated in the Bartholomew County Jail and released on August 7, 2017, pending trial. Cox was arrested on other charges and released multiple times in October 2017. Then, on November 3, 2017, an officer observed Cox on the street, and after running a warrant search on him, discovered that Cox had four outstanding warrants for his arrest. After taking Cox into custody, the officer located a syringe in the pocket of Cox's shorts. The officer also located an identification card and a debit card belonging to two other individuals. Upon contacting those individuals, the officer was advised that Cox had taken those items without permission. Thereafter, the State charged Cox with level 6 felony unlawful possession of a syringe and level 6 felony theft with a prior conviction for theft or conversion.

[5] On February 9, 2018, pursuant to a written agreement, Cox pled guilty to a reduced charge of level 5 felony carrying a handgun without a license and level 6 felony unlawful possession of a syringe. In exchange, the State dismissed the multitude of other charges and agreed not to seek a habitual offender enhancement. Sentencing was left to the trial court's discretion.

While incarcerated awaiting sentencing, Cox committed multiple jail violations, including battery and flooding or attempting to flood a cellblock. His sentencing hearing was held on March 21, 2018. The trial court concluded that numerous aggravating factors outweighed the mitigating factors and sentenced Cox to the maximum sentences of six years for the level 5 felony and two and a half years for the level 6 felony. The court ordered the sentences to be served consecutively for an aggregate sentence of eight and a half years. This appeal ensued.

## Discussion and Decision

Cox claims that his sentence is inappropriate and invites this Court to reduce it pursuant to Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id*. at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given

case." *Id*. at 1224. In conducting our review, the question "is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate." *Fonner v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007).

[8] Regarding the nature of the offense, the advisory sentence is the starting point that the legislature has selected as an appropriate sentence for the crime committed. *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014). The sentencing range for a level 5 felony is between one and six years with the advisory sentence being three years. Ind. Code § 35-50-2-6. The sentencing range for a level 6 felony is between six months and two and one-half years, with the advisory sentence being one year. Ind. Code § 35-50-2-7. The trial court here imposed the maximum sentence on each felony and ordered those sentences served consecutively, for an aggregate sentence of eight and a half years. Cox thinks that the trial court's imposition of maximum consecutive sentences for his felonies was inappropriately harsh because both the crimes he pleaded guilty to were merely "acts of possession[,]" so he cannot be one of the worst offenders. Appellant's Br. at 9; *see Kovats v. State*, 982 N.E.2d 409, 416 (Ind. Ct. App. 2013) (noting that maximum possible sentences are generally reserved for the worst offenders). We wholeheartedly disagree.

[9] As for his offense of carrying a handgun without a license, a charge that was reduced from level 4 felony unlawful possession of a firearm by a serious violent felon, Cox did not simply possess a handgun that he was not licensed to carry. Rather, he stole the handgun from a residence and then attempted to sell

it, along with ammunition, to a convicted felon. He also hid the handgun inside a gas station so that he would not be caught with it. As for unlawful possession of a syringe, even after the syringe was found in his pocket, Cox continued to deny that it was his, claiming that he was wearing shorts that belonged to somebody else. He also had stolen items in his possession at the time. We agree with the State that Cox's conduct in the commission of his offenses far surpassed the conduct necessary to simply prove his offenses.

[10] Regardless, Cox's poor character more than justifies the imposition of maximum consecutive sentences. We note that the character of the offender is found in what we learn of the offender's life and conduct. *Croy v. State*, 953 N.E.2d 660, 664 (Ind. Ct. App. 2011). Included in that assessment is a review of an offender's criminal history. *Garcia v. State*, 47 N.E.3d 1249, 1251 (Ind. Ct. App. 2015), *trans. denied* (2016); *see also Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007) (noting that in addition to convictions, "it is appropriate to consider" a defendant's arrest record "as a poor reflection" on his character, because "it may reveal that he ... has not been deterred even after having been subjected to the police authority of the State"). As the trial court observed, Cox's criminal history is "absolutely atrocious." Tr. Vol. 2 at 31. As a juvenile, Cox was arrested at least thirteen times and adjudicated a delinquent for class D felony theft, leaving home without permission, truancy, and class D felony sexual battery. His adult criminal history involves more than thirty arrests and numerous felony and misdemeanor convictions, including class B felony burglary, class D felony criminal confinement, class D felony stalking,

and multiple convictions for class D felony intimidation. Additionally, Cox has violated probation several times, was on probation when he committed the current level 5 felony, and had four warrants out for his arrest when he committed the current level 6 felony. Obviously, prior grants of leniency have been all for naught. Moreover, Cox's conduct in jail while awaiting sentencing here was awful. Cox's argument that he is not deserving of maximum consecutive sentences because he is not the "worst of the worst" is unavailing. Appellant's Br. at 11. Cox has not met his burden to demonstrate that his sentence is inappropriate in light of the nature of his offenses or his character. Accordingly, we affirm.

[11] Affirmed.

Najam, J., and Pyle, J., concur.