## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 07 2019, 7:47 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Megan M. Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Toby Lewis Webster,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff*

November 7, 2019

Court of Appeals Case No.
19A-CR-683

Appeal from the Marion Superior Court

The Honorable Grant W. Hawkins, Judge

Trial Court Cause No.
49G05-1708-F3-30368

**May, Judge.**

[1] Toby Lewis Webster appeals his convictions of Level 3 felony armed robbery[1] and Level 5 felony battery by means of a deadly weapon.[2] He raises two issues on appeal: whether there was sufficient evidence to support his convictions and whether the convictions violate the Indiana Constitution's double jeopardy clause. We affirm in part, reverse in part, and remand.

## Facts and Procedural History

[2] Brian Cotterell and Webster were acquaintances who would purchase and use drugs together on the east side of Indianapolis. Cotterell knew Webster by Webster's nickname, Twin. On June 5, 2017, Webster asked Cotterell to drive him to a Lowe's Home Improvement store in Indianapolis. Cotterell agreed and picked Webster up in a '93 Ford Econoline van. Webster agreed to give Cotterell money for gas, and the two travelled to the Lowe's store. However, the store was closed when they arrived, and Cotterell drove to a Rickers gas station near the Lowe's parking lot. Cotterell and Webster then began to argue about the gas money. They left the Rickers gas station and travelled down Post Road to a BP gas station. Cotterell drove the van up to the northern-most gas pump at the station and told Webster to exit the vehicle.

---

[1] Ind. Code § 35-42-5-1.

[2] Ind. Code § 35-42-2-1.

[3] Their argument escalated, and Cotterell turned off the van's ignition and started to exit the vehicle. Webster then angrily came over from the passenger seat to the driver's seat with a folding knife and cut Cotterell in the left side rib cage area. Webster then started the van and began to drive away. Cotterell held onto the driver-side door with his feet on the running board, but Cotterell lost his grip as Webster drove away. He then hung onto the van with his feet dragging on the pavement for a short while before he fell off the van onto the street.

[4] Cotterell called his girlfriend and then contacted 911. Cotterell suffered a torso wound from the knife and injuries to his feet. An ambulance arrived and Cotterell received medical treatment at the scene. Cotterell declined to be transported to a hospital. Detective Bradley Millikan responded to the scene. Cotterell spoke with Detective Millikan and gave him a description of Webster. He also relayed Webster's nickname, Twin, and gave Detective Millikan the cell phone number associated with Twin.

[5] Detective Millikan connected Twin's phone number to Webster through a February 2019 Lawrence Police Department dispatch report. Detective Millikan assembled a photo array of black males. The first photo array did not include Webster, and Cotterell did not identify anyone in the first photo array. Detective Millikan assembled a second photo array as Twin, which included Webster, and Cotterell identified Webster as the perpetrator. Detective Millikan also reviewed surveillance footage from the BP gas station. On June 8, 2017, the Hancock County Sheriff's Department recovered Cotterell's van in

Greenfield, Indiana. Police searched the van for fingerprints, but they did not recover any identifiable prints.

[6] Detective Millikan also prepared and submitted a search warrant for Webster's cell phone records. Detective Adam Franklin analyzed the cell phone records. Detective Franklin testified that when a cell phone places a call or sends a text, the cell phone tower with the strongest signal to the phone will facilitate the call. He uses information provided by the phone companies to match up the date and time of a phone call or text with the cell phone tower that facilitated the call or text. This method allows him to determine the general area where a cell phone was located when it sent or received a call or text. He analyzed the call records from Webster's cell phone on June 5, 2017, between 8:58 pm and 11:55 pm. The data showed Webster's cell phone made and received calls on the date of the crime, around the time of the crime, from the area where the crime occurred. The phone also made and received calls later in the evening while in Greenfield, Indiana, where Cotterell's van was recovered.

[7] On August 18, 2017, the State charged Webster with armed robbery and battery with a deadly weapon. The State later filed an information asserting Webster was a habitual offender. Webster waived his right to trial by jury on March 27, 2018. After a hearing on September 17, 2018, the court granted Webster's

request to proceed pro se. A bench trial was held on November 15, 2018, and November 29, 2018.[3]

[8]  After the court found Webster guilty on both counts, the following exchange took place:

> Court: . . . State, I'm not sure if I can sentence him on both 1 and 2.
>
> State:  I agree[.]
>
> Court: So as we stand here right now, although convicted on 1 and 2, there may come a time when I'll have to enter not guilty or show it dismissed.

(Tr. Vol. III at 94.)  The State then presented evidence that Webster was a habitual offender, and the court found that he was.  On December 3, 2018, the court sentenced Webster to twelve years for armed robbery, enhanced by eight years because of the habitual offender finding, for an aggregate executed sentence of twenty years.  The court merged the felony battery by means of a deadly weapon conviction into the armed robbery conviction.

# Discussion and Decision

---

[3] Two cases against Webster were consolidated for bench trial because the facts were somewhat intertwined. The court tried Webster in the instant case and another case involving charges of conspiracy to commit criminal confinement and obstruction of justice.  The court found Webster not guilty on the conspiracy and obstruction of justice charges, and we will not discuss those charges further.

## Sufficiency of the Evidence

[9]     When reviewing the sufficiency of the evidence to support a conviction, we look only to the probative evidence and the reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). The evidence does not need to overcome every hypothesis of innocence. *Id*. at 147. We do not reweigh the evidence, nor do we assess the credibility of the witnesses. *Stokes v. State*, 801 N.E.2d 1263, 1271 (Ind. Ct. App. 2004), *trans. denied*. "The conviction will be affirmed if there is substantial evidence of probative value to support the conclusion of the trier of fact." *Id*. The testimony of a single eyewitness is enough to sustain a conviction. *Emerson v. State*, 724 N.E.2d 605, 609-10 (Ind. 2000), *reh'g denied*. "It is for the trier of fact to resolve conflicts in the evidence and to decide which witnesses to believe or disbelieve." *Ferrell v. State*, 746 N.E.2d 48, 51 (Ind. 2001). We will reverse "only when no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *McMiller v. State*, 90 N.E.3d 672, 675 (Ind. Ct. App. 2017).

[10]    A person commits Level 3 felony armed robbery if he knowingly or intentionally takes property from another person by using force or threatening to use force, while armed with a deadly weapon or in a way that causes bodily injury to another person. Ind. Code § 35-42-5-1. A person commits Level 5 felony battery with a deadly weapon if he touches another person in a rude, insolent, or angry manner with a deadly weapon. Ind. Code § 35-42-2-1.

[11]    Webster argues there is insufficient evidence to support his convictions because of apparent inconsistencies between Cotterell's testimony and the rest of the

evidence. For example, Cotterell testified that Webster stabbed him with a folding knife, but police did not recover a folding knife in the course of their investigation. Further, while Cotterell told detectives that he had met Webster through work, the two had never worked together. Cotterell's statements are unclear about whether he was inside the van or outside the van when Webster stabbed him, and the BP station surveillance video does not show Webster stabbing Cotterell. In the pictures of Cotterell taken at the scene, Cotterell's shirt is not torn or bloodstained. Finally, no fingerprint or DNA evidence links Webster to the crime.

[12] However, Webster's argument is simply an invitation for us to reweigh the evidence, which we may not do. *See Krueger v. State*, 56 N.E.3d 1240, 1243 (Ind. Ct. App. 2016), *trans. denied*. Cotterell testified that Webster used a knife to stab him and steal his van. Cotterell identified Webster in a photo array and during his testimony at trial. Police took pictures of Cotterell's injuries, and the State presented evidence that Webster's cell phone was in the area of the crime on the date of the crime and at the time of the crime. A few hours after the crime, Webster's cell phone was in Greenfield, where Cotterell's van was ultimately recovered. While Webster's fingerprints were not found in the van, neither were Cotterell's fingerprints found there, which led the State to suggest that someone wiped down the van so that no fingerprints would be present.

[13] Neither the nature of the relationship between Cotterell and Webster nor Cotterell's refusal of medical attention is relevant to whether Webster committed armed robbery. Finally, we are not surprised the folding knife was

not found because Webster was arrested approximately two months after the date of the crime. Consequently, we hold the State presented sufficient evidence to support Webster's convictions. *See Gorman v. State*, 968 N.E.2d 845, 851 (Ind. Ct. App. 2012) (holding eyewitness' unequivocal testimony identifying the defendant as perpetrator and statement that defendant was armed with a gun was sufficient to support armed robbery conviction), *trans. denied*.

## *Double Jeopardy*

[14]    The Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense." Ind. Const. art. 1, § 14.

> Two offenses are the 'same offense' in violation of Indiana's Double Jeopardy Clause if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense. We review *de novo* whether a defendant's convictions violate this provision.

*Shultz v. State*, 115 N.E.3d 1280, 1283 (Ind. Ct. App. 2018) (internal citation omitted) (emphasis in original).

> If a trial court does not formally enter a judgment of conviction on a jury verdict of guilty, then there is no requirement that the trial court vacate the 'conviction,' and merger is appropriate. However, if the trial court does enter judgment of conviction on a jury's guilty verdict, then simply merging the offenses is insufficient and vacation of the offense is required.

*Kovats v. State*, 982 N.E.2d 409, 414-15 (Ind. Ct. App. 2013) (internal citation omitted). A trial court may withhold entering a judgment of conviction after a guilty finding in order to avoid violating the prohibition against double jeopardy. *Walker v. State*, 932 N.E.2d 733, 738 (Ind. Ct. App. 2010) (trial court accepted jury's guilty verdict for robbery but declined to enter judgment of conviction because robbery count merged with other counts), *reh'g denied*.

[15] Both the armed robbery offense and the battery with a deadly weapon offense stem from Webster cutting Cotterell with a knife and stealing his van. Webster argues the court entered judgment of conviction on both offenses in violation of the Indiana Constitution's double jeopardy prohibition. The following exchange took place when the court announced its verdict:

> Court: I think the next step is for the Court to enter judgment. I find . . . Mr. Webster, I'm sorry. Guilty of [armed robbery and battery with a deadly weapon] . . . State, I'm not sure if I can sentence him on both 1 and 2.

> State: I agree[.]

> Court: So as we stand here right now, although convicted on 1 and 2, there may come a time when I'll have to enter not guilty or show it dismissed.

(Tr. Vol. III at 94.) At the beginning of the sentencing hearing, the trial court stated: "If I remember correctly, Mr. Webster was convicted of Counts 1 and 2 . . . ." (*Id.* at 121.) An oral statement by the trial court that it is entering a judgment of conviction or acquittal is sufficient to enter judgment. *See Stott v.*

*State*, 822 N.E.2d 176, 178 (Ind. Ct. App. 2005) (holding trial court was bound by its oral pronouncement that it would enter judgment of acquittal on one count of child molesting, so neither the chronological case summary nor the abstract of judgment could show the defendant was convicted of that count), *trans. denied*. The trial court's statements noted above that its next step was "to enter judgment," that Webster stood "convicted on 1 and 2," and that he "was convicted" indicate entry of judgments of conviction on both counts.

[16] At the sentencing hearing, the court explained to Webster: "You'll only be sentenced on Count 1 [armed robbery], we'll show Count 2 [battery with deadly weapon] merged into Count 1 since most of the activities involved in Count 2 occurred in Count 1, and we're not going to sentence you twice for the same thing." (Tr. Vol. III at 123.) Additionally, the sentencing order provides the battery by means of a deadly weapon "conviction merged" with the armed robbery conviction and the trial court sentenced Webster only on the armed robbery conviction. (App. Vol. II at 20.) However, as noted in *Kovats*, merging offenses after judgments of conviction have been entered is insufficient to eliminate the double jeopardy violation. 982 N.E>2d at 414-415. Instead, Webster's conviction of battery by means of a deadly weapon should have been vacated. *See Bass v. State*, 75 N.E.3d 1100, 1103 (Ind. Ct. App. 2017) (holding order that did not specifically delineate on which counts court entered judgment of conviction and that stated counts "merge for purposes of sentencing" effectively entered judgment of conviction on both counts in violation of the prohibition against double jeopardy). Consequently, we reverse Webster's

conviction of battery by means of a deadly weapon and remand for the trial court to vacate the improperly merged conviction. *See Kovats*, 982 N.E.2d at 414 (remanding for trial court to vacate improperly merged conviction).

# Conclusion

[17] There is sufficient evidence to support Webster's armed robbery conviction because Cotterell testified Webster used a knife to stab him and then stole his van. However, the trial court improperly merged the battery with a deadly weapon count and the armed robbery count in violation of Indiana's prohibition against double jeopardy. Therefore, we affirm Webster's conviction of armed robbery, reverse his conviction of battery by means of a deadly weapon, and remand for the trial court to vacate the improperly merged battery conviction.

[18] Affirmed in part, reversed in part, and remanded.

Najam, J., and Bailey, J., concur.